IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRELON JACKSON**                                                                   **PLAINTIFF**

**V.**                      **NO. 4:21-CV-01189-JTK**

**KILOLO KIJAKAZI, ACTING COMMISSIONER OF**
**SOCIAL SECURITY ADMINISRATION**                **DEFENDANT**

## ORDER

### I.   Introduction:

Plaintiff, Brelon Jackson ("Jackson"), applied for disability benefits on May 6, 2019. (Tr. at 10). In the application, he alleged disability beginning on January 1, 2016.[1] *Id*. The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Jackson's application. (Tr. at 19). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Jackson has requested judicial review.

For the reasons stated below, the Court[2] reverses the ALJ's decision and remands for further review.

### II.   The Commissioner's Decision:

---

[1] Jackson subsequently amended his alleged onset date to January 3, 2019. *Id*.

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

The ALJ found that Jackson had not engaged in substantial gainful activity from the amended alleged onset date through the date last-insured of September 30, 2020.[3] (Tr. at 13). At Step Two, the ALJ found that Jackson had the following severe impairments: left knee arthrofibrosis, reflex sympathetic dystrophy syndrome of the left lower extremity with chronic pain, and idiopathic aseptic necrosis of the left femur. *Id*.

At Step Three, the ALJ determined that Jackson's impairments did not meet or equal a listed impairment. (Tr. at 13). Before proceeding to Step Four, the ALJ determined that Jackson had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with some additional limitations: (1) he could not more than occasionally stoop, kneel, crouch, crawl, and climb stairs and ramps; (2) he could not climb ladders and he could not use foot controls with the left lower extremity; and (3) he would need the use of a cane to ambulate to and from the work station. *Id*.

At Step Four, the ALJ observed that Jackson had no past relevant work. (Tr.

---

[3] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

at 24). Relying upon testimony from a Vocational Expert ("VE"), the ALJ found, based on Jackson's age, education, work experience and RFC, that he could perform work in the national economy. (Tr. at 19-20). Therefore, the ALJ concluded that Jackson was not disabled. *Id.*

### III. Discussion:

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the

meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B. Jackson's Arguments on Appeal

Jackson contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. He argues that the ALJ did not properly evaluate the medical opinions of Jackson's treating provider and that the ALJ did not fairly assess Jackson's subjective complaints. The Court finds support for Jackson's first argument.

Jackson suffered chronic pain in his lower extremities, and he attended physical therapy throughout 2019, but still had recurring difficulty performing daily activities. (Tr. at 680-729). He saw Dr. Martin Siems at OrthoArkansas many times, and he also saw other specialists. (Tr. at 564-575). Objective imaging confirmed his knee and femur conditions and Jackson took narcotics to dull the pain.

Dr. Siems completed multiple medical opinions in 2019 and 2020, stating that Jackson would not be able to work due to lower extremity arthrofibrosis. (Tr. at 292-

4

293, 733-747). He suggested that Jackson use a cane, and that he apply for disability. (Tr. at 736-743).

Dr. Siems also filled out a medical source statement in December 2020, specifically spelling out that Jackson could not perform even sedentary work. (Tr. at 755-756). He said that Jackson would need to elevate his feet, change positions frequently, and would miss four days of work per month. *Id*.

On January 28, 2017, the Administration promulgated new regulations governing how ALJs assess medical opinion evidence. The new rules, with an effective date of March 27, 2017, focus on whether an opinion is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)-(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. § 416.920c(c)(1-2) (2017). See *Phillips v. Saul*, No 1:19-CV-00034-BD, 2020 U.S. Dist. LEXIS 110370 *4 (E.D. Ark. June 24, 2020). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id*.

ALJs are required to explain their decisions as to the two most important

factors: supportability and consistency. 20 C.F.R. § 404.1520(b)(2). These requirements are meant to provide individuals with a better understanding of the Commissioner's decision and provide sufficient rationale for a reviewing adjudicator or court. *Phillips, supra*; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01 at 5854, 5858 (January 18, 2017).

In a recent Eighth Circuit case, the Court reversed the ALJ's decision because he did not discuss both supportability and consistency of a medical opinion. *Bonnett v. Kijakazi*, 859 Fed. Appx. 19 (8th Cir. 2021). The Court explained that the ALJ only addressed one of the two fundamental prongs. This Court has done the same where the ALJ did not discuss both prongs. *Bonneau v. Saul*, No. 3:20-cv-00095-PSH, 2021 U.S. Dist. LEXIS 44605, at *11 (E.D. Ark. March 10, 2021) (reversing an ALJ's decision when the ALJ "completely ignored the [supportability] factor").

In this case, the ALJ gave short shrift to Dr. Siems' first opinions, merely stating that an opinion by a physician that a claimant cannot work is non-binding. (Tr. at 23). He found the opinions not persuasive. *Id*. There was no further discussion about those opinions.

As for the December 2020 medical source statement, which went into detail about Jackson's residual functional capacity, the ALJ found it partially persuasive. (Tr. at 24). The ALJ did not discuss supportability or consistency. Defendant states

that the rest of the ALJ's discussion filled in details with respect to those two prongs, but the Eighth Circuit requires more: it cannot be left to guess at how an ALJ applied the regulations for evaluating medical opinions. Blanket statements, with no explanation, "will not do." See *Post v. Kijakazi*, No. 4:20-CV-315 RLW, 2021 U.S. Dist. LEXIS 183225, 2021 WL 4355349, at *7 (E.D. Mo. Sept. 24, 2021) (internal citations omitted); see *Wing v. Kijakazi,* No. 3:20-cv-414 (E.D. Ark. Dec. 11, 2021) (Only when an ALJ assesses persuasiveness, supportability, and consistency, does he clear the bar for evaluation of medical opinions). Reversal is warranted.

### IV.  Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ did not properly evaluate the opinion of Jackson's treating provider. The decision is hereby reversed and the case remanded with instructions for further review.

IT IS SO ORDERED this 29th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE